UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL C. MANOSH,

                Plaintiff,

-v.-                                                                                  6:10-CV-0257
                                                                                                  (NAM/GHL)

JUDGE HURD,

                Defendant.

---

APPEARANCES:

MICHAEL C. MANOSH
Plaintiff *pro se*
1508 Whitesboro Street
Utica, New York 13502

GEORGE H. LOWE,
UNITED STATES MAGISTRATE JUDGE

## ORDER AND REPORT-RECOMMENDATION

      The Clerk has sent to the Court a *pro se* civil rights complaint, together with an application to proceed *in forma pauperis*, submitted by Plaintiff Michael C. Manosh. (Dkt. Nos. 1-2.) Plaintiff alleges that Judge Hurd "possibly accept[ed] a bribe" in exchange for dismissing a previous case filed by Plaintiff. In that previous case, Plaintiff alleged that his constitutional rights "were violated by [his] wife's family" and asked the Court to "please return my wife to my custody because we're legally married." *Manosh v. Rahn*, No. 6:08-CV-1325 (DNH/DEP). Judge Hurd dismissed the complaint with leave to amend because Plaintiff had not alleged that the defendant acted under color of state law or identified any constitutional or federal statutory violations committed by the defendant. (*Manosh v. Rahn*, Dkt. No. 4.) Plaintiff did not amend his complaint, and judgment was entered on February 25, 2009. (*Manosh v. Rahn*, Dkt. No. 7.) Here, Plaintiff alleges that Judge

Hurd's judgment was "corrupt" and requests that the United States Marshal "find and return my family immediately." (Dkt. No. 1.)

After reviewing Plaintiff's *in forma pauperis* application, the Court finds that it is incomplete. Plaintiff states that he is self-employed, but does not disclose the amount of his income. (Dkt. No. 2 ¶ 2.) Therefore, Plaintiff's application is denied without prejudice.

28 U.S.C. § 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*. *See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

The face of Plaintiff's complaint shows that it is barred by the doctrine of judicial immunity. Judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the

---

[1] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

public interest in having judges who are "'at liberty to exercise their functions with independence and without fear of consequences.'" *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976)(citing *Pierson*, 386 U.S. at 553-554). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Plaintiff's complaint falls squarely within the rule of judicial immunity because Plaintiff has accused Judge Hurd of issuing an order corruptly. Therefore, I recommend that the Court dismiss Plaintiff's complaint without leave to amend.

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's *in forma pauperis* application (Dkt. No. 2) is **DENIED WITHOUT PREJUDICE**; and it is further

**RECOMMENDED** that Plaintiff's complaint be dismissed without leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

George H. Lowe
United States Magistrate Judge

Dated: March 9, 2010
        Syracuse, New York